**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EI CORPORATION, INC.,

    Plaintiff

v.

GALLANT CAPITAL PARTNERS, LLC;
QUALITY BUILT, LLC; and JOHN
GILLETT,

    Defendants

Case No.: 2:20-cv-01119-APG-NJK

**Order**

[ECF Nos. 22, 50, 58]

Defendant Quality Built, LLC (Quality) moves to transfer venue of this case to the Southern District of California. Defendant Gallant Capital Partners, LLC (Gallant) joined Quality's motion. Defendant John Gillett (Gillett) joined Quality's motion and filed a separate motion to dismiss for lack of personal jurisdiction or to transfer venue. Plaintiff Ei Corporation, Inc. (Ei) opposes transfer.

The parties are familiar with the facts, so I do not repeat them here except where necessary to resolve the motions. I grant the motion to transfer venue and deny as moot Gillett's motion to dismiss for lack of personal jurisdiction.

**I. ANALYSIS**

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." The transferor court may transfer only to a district or division where the action "might have been brought" originally or one "to which all parties have consented." 28 U.S.C. § 1404(a). The transferor court must find both that the action might have been brought in the transferee court and that the

parties' and witnesses' convenience, in the interest of justice, favors transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985).

### A.  Suit Might Have Been Brought in the Southern District of California

A suit "might have been brought" in a district if the "plaintiff has a right to sue in that district, independently of the wishes of defendant." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (quotation omitted).  The transferee court thus must be a proper venue and have personal jurisdiction over the defendant "when suit was instituted." *Id.* at 343 (quotation omitted); *see also Wash. Pub. Util. Group v. U.S. Dist. Ct. for W. Dist. of Wash.*, 843 F.2d 319, 328 (9th Cir. 1987) (stating that "a district court must have both personal jurisdiction over the parties and venue to hear a case").

Venue is appropriate in the Southern District of California because a substantial part of the events giving rise to Ei's claims occurred there. 28 U.S.C. § 1391(b)(2).  Gillett worked for Ei from its San Marcos office in San Diego County, California. ECF Nos. 16-3 at 2; 50 at 14.  Ei sent the letter terminating Gillett's employment to his address in San Diego. ECF No. 4 at 63. And Gillett continued to reside in San Diego after Quality hired him, where he allegedly is using Ei's trade secrets and confidential information for Quality's benefit.

As for personal jurisdiction, Gillett lives in San Diego and Gallant has its principal place of business in Los Angeles, so they are subject to general personal jurisdiction there. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home," such as its principal place of business (quotation omitted)).  Quality is a Delaware company with its principal place of

business in Florida.  Although Quality has offices in California, I have no other information on which to determine that Quality would be subject to general jurisdiction in California.

However, Quality would be subject to specific personal jurisdiction in California because Quality has purposefully directed its activities at California and has purposefully availed itself of the privileges of conducting activities there, Ei's claims arise out of these forum-related activities, and the exercise of jurisdiction over Quality would be reasonable. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227-28 (9th Cir. 2011).  Quality has offices in California, it hired Gillett to be its president there, it allegedly is using Ei's confidential information acquired either from Gillett or Gallant (both of whom are in California), and it has recruited and hired at least one other Ei employee in California.  Ei's claims arise out of these activities.  And Quality does not dispute that California's exercise of jurisdiction over it in this case would comport with fair play and substantial justice.

The Southern District of California thus had both personal jurisdiction over the parties and venue to hear the case at the time Ei instituted this action.  Accordingly, this case could have been brought in that district.

**B.  Transfer to the Southern District of California**

In determining whether transfer is convenient and in the interests of justice, some factors to consider include:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  There is no "exhaustive list of specific factors to consider," and courts "should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (internal quotation marks omitted).  "Litigation of related claims in the same tribunal is favored in order to avoid duplicitous litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results." *Cambridge Filter Corp. v. Int'l Filter Co., Inc.*, 548 F. Supp. 1308, 1310 (D. Nev. 1982).  Thus, it is "well established that the existence of a related action pending in the transferee court weighs heavily towards transfer." *JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 400-01 (E.D.N.Y. 2013).

The party seeking the transfer bears the burden of showing transfer is appropriate. *In re Apple, Inc.*, 602 F.3d at 913.  Whether to transfer lies within the court's discretion. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

I conclude transfer is appropriate for the convenience of the parties and in the interest of justice.  Most of the evidence regarding the alleged breaches of the contracts and misappropriation of trade secrets is located in California.  Additionally, most of the witnesses identified thus far live in California full or part time, including non-party witnesses who likely must be subpoenaed for depositions or trial.  And there is a pending action in the Southern District of California between Gillett and Ei related to Ei's termination of Gillett.  Accordingly, I grant the defendants' motions to transfer venue.  I deny as moot Gillett's motion to dismiss for lack of personal jurisdiction.  As stated at the prior hearing, the temporary restraining order (ECF No. 44) remains in effect until August 3, 2020. ECF No. 55.

**II.  CONCLUSION**

I THEREFORE ORDER that defendant Quality Built, LLC's motion to transfer venue **(ECF No. 22) is GRANTED**.

I FURTHER ORDER that defendant John Gillett's motion to dismiss for lack of personal jurisdiction **(ECF No. 50) is DENIED as moot**.

I FURTHER ORDER that plaintiff Ei Corporation's motion for leave to file surreply **(ECF No. 58) is GRANTED**.

I FURTHER ORDER that the clerk of court is instructed to transfer this case to the Southern District of California.

DATED this 27th day of July, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE