KARLA KRAFT, State Bar No. 205530
  kkraft@sycr.com
KATIE BEAUDIN, State Bar No. 306402
  kbeaudin@sycr.com
STRADLING YOCCA CARLSON & RAUTH
A PROFESSIONAL CORPORATION
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100

Attorneys for Defendants
Quality Built, LLC, and
Gallant Capital Partners, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EI CORPORATION, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GALLANT CAPITAL PARTNERS, LLC, a Delaware limited liability company; QUALITY BUILT, LLC, a Delaware limited liability company; and JOHN GILLETT, an individual,<br><br>Defendants. | CASE NO. 3:20-cv-01454-WQH-LL<br><br>Hon. William Q. Hayes<br><br>**DEFENDANTS QUALITY BUILT, LLC AND GALLANT CAPITAL PARTNERS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Hearing Date: September 14, 2020<br><br>Complaint Filed:  June 24, 2020 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INTRODUCTION ................................................................. 1

II.   FACTUAL BACKGROUND ................................................. 3

III.  ARGUMENT ....................................................................... 4

    A.    Legal Standard ........................................................... 4

    B.    Plaintiff Lumps Quality Built and Gallant Together Such That They Are Unable To Distinguish Who Allegedly Committed What Act .............................................. 5

    C.    Plaintiff's Breach of Contract Cause of Action Fails .......... 6

        1.    Quality Built Is Not A Party To The Contract And Plaintiff Does Not Allege A Breach By Quality Built ............. 6

        2.    Plaintiff Does Not Allege a Breach by Gallant ........................ 7

    D.    Plaintiff's Breach of Implied Covenant Of Good Faith And Fair Dealing Cause Of Action Fails ........................ 8

    E.    Plaintiff's Misappropriation of Trade Secrets Claims Fail ........... 9

        1.    Plaintiff Does Not Allege a Trade Secret ................................ 10

        2.    Plaintiff Does Not Allege Misappropriation ........................... 12

    F.    Plaintiff's Tortious Interference With Contractual Relations Claim Fails ............................................... 13

    G.    Plaintiff's Intentional Interference With Prospective Economic Advantage Claim Fails ............................... 15

    H.    Because All Claims Fail As To Quality Built And Gallant, The Claim For Injunctive Relief Fails ............. 17

IV.   CONCLUSION ................................................................. 17

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-ii-

TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alta Devices, Inc. v. LG Elecs., Inc.*,
   343 F. Supp. 3d 868 (N.D. Cal. 2018)............................................................9, 10

*Ansara v. Maldonado*,
   No. 2:19-cv-01394-GMN-VCF, 2020 U.S. Dist. LEXIS 81061 (D.
   Nev. May 7, 2020).............................................................................................5

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
   7 Cal. 4th 503 (1994)......................................................................................14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .........................................................................................4

*Autry v. Republic Productions*,
   30 Cal. 2d 144 (1947) .....................................................................................13

*Beck v. American Health Group Int'l, Inc.*,
   211 Cal. App. 3d 1555 (1989)........................................................................13

*Becton, Dickinson & Co. v. Cytek Biosciences Inc.*,
   No. 18-cv-00933-MMC, 2018 U.S. Dist. LEXIS 85121 (N.D. Cal.
   May 21, 2018) .................................................................................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..........................................................................................4

*Black Horse Capital, LP v. Xstelos Holdings, Inc.*,
   No. 8642-VCP, 2014 Del. Ch. LEXIS 188 (Del. Ch. Sept. 30,
   2014)..................................................................................................................8

*Brown v. Adidas, Int.*,
   938 F. Supp. 628 (S.D. Cal. 1996) .................................................................13

*Bustamante v. Intuit, Inc.*,
   141 Cal. App. 4th 199 (2006)..........................................................................13

*Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*,
   No. 15-cv-02177-SI, 2017 U.S. Dist. LEXIS 62109 (N.D. Cal.
   Apr. 24, 2017)..................................................................................................12

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4828-8431-7126v6/105544-0004

*Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*,
  114 Nev. 1304 (Nev. 1998) ........................................................................ 16

*Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*,
  No. 19:cv-05611-PJH, 2020 U.S. Dist. LEXIS 16368 (N.D. Cal.
  Jan. 31, 2020) ...................................................................................... 10, 11

*Frantz v. Johnson*,
  999 P.2d 351 (Nev. 2000) ............................................................................ 9

*Hamilton v. Bank of Blue Valley*,
  746 F. Supp. 2d 1160 (E.D. Cal. 2010) .................................................... 17

*J.J. Indus., LLC v. Bennett*,
  71 P.3d 1264 (Nev. 2003) .......................................................................... 15

*JRS Prods., Inc. v. Matsushita Elec. Corp. of Am.*,
  115 Cal. App. 4th 168 (2004) .................................................................... 16

*Nestle USA, Inc. v. Crest Foods, Inc.*,
  No. LA CV16-07519 JAK (AFMx), 2017 U.S. Dist. LEXIS
  136557 (C.D. Cal. July 28, 2017) ............................................................ 16

*O'Leary v. Telecom Res. Serv., LLC*,
  No. 10C-03-108-JOH, 2011 Del. Super. LEXIS 36 (Super. Ct. Jan.
  14, 2011) ...................................................................................................... 7

*Power Integrations, Inc. v. De Lara*,
  No. 20-cv-410-MMA (MSB), 2020 U.S. Dist. LEXIS 52724 (S.D.
  Cal. Mar. 26, 2020) .................................................................................... 12

*Reeves v. Hanlon*,
  33 Cal. 4th 1140 (2004) ...................................................................... 13, 15

*Rennick v. O.P.T.I.O.N. Care, Inc.*,
  77 F.3d 309 (9th Cir. 1996) ...................................................................... 13

*Shell Oil Co. v. Richter*,
  52 Cal. App. 2d 164 (1942) ...................................................................... 17

*Solow v. Aspect Res., LLC*,
  No. 20397, 2004 Del. Ch. LEXIS 151 (Del. Ch. Oct. 19, 2004) ................ 7

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-iv-

TABLE OF AUTHORITIES

4828-8431-7126v6/105544-0004

*Space Data Corp. v. X*,
   No. 16-cv-03260-BLF, 2017 U.S. Dist. LEXIS 22571 (N.D. Cal.
   Feb. 16, 2017) .................................................................................... 9, 12

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ................................................................. 4

*Stoffwechselforschung GmbH v. ProSciento, Inc.*,
   No. 16cv1549-LAB (BLM), 2017 U.S. Dist. LEXIS 49738 (S.D.
   Cal. Mar. 31, 2017) ............................................................................... 11

*United States ex rel. Swoben v. United Healthcare Ins. Co.*,
   848 F.3d 1161 (9th Cir. 2016) ................................................................. 5

*Tate v. Univ. Med. Ctr. of S. Nev.*,
   No. 2:09-cv-1748-LDG (RJJ), 2010 U.S. Dist. LEXIS 101790 (D.
   Nev. Sep. 23, 2010) ............................................................................... 15

*Treasury Sols. Holdings, Inc. v. Upromise, Inc.*,
   No. 3:10-CV-00031-ECR-RAM, 2010 U.S. Dist. LEXIS 144258
   (D. Nev. Dec. 22, 2010) ........................................................................ 15

*Turbay v. Bank of Am., N.A.*,
   No. 2:12-CV-1367 JCM (PAL), 2013 U.S. Dist. LEXIS 36969 (D.
   Nev. Mar. 18, 2013) ............................................................................... 17

*United States v. Corinthian Colleges*,
   655 F.3d 984 (9th Cir. 2011) ................................................................... 5

*Vendavo, Inc. v. Price f(x,) AG*,
   No. 17-cv-06930-RS, 2018 U.S. Dist. LEXIS 48637 (N.D. Cal.
   Mar. 23, 2018) ............................................................................. 5, 10, 11

*VLIW Tech., L.L.C. v. Hewlett-Packard Co.*,
   840 A.2d 606 (Del. 2003) ........................................................................ 6

*Wallace v. Wood*,
   752 A.2d 1175 (Del. Ch. 1999) ................................................................ 6

**Statutes**

Defend Trade Secrets Act ............................................................................ 2, 17

Nevada Trade Secrets Act ........................................................................... 2, 17

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-v-

TABLE OF AUTHORITIES

4828-8431-7126v6/105544-0004

1

**Other Authorities**

Federal Rule of Civil Procedure Rule 8 .................................................................. 12

Federal Rule of Civil Procedure Rule 9 .................................................................. 5

Federal Rule of Civil Procedure 12(b)(6) .............................................................. 4

*Vendavo, Inc. v. Price f(x) AG*, No. 17-cv-06930-RS .......................................... 5

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-vi-

TABLE OF AUTHORITIES

1

# MEMORANDUM OF POINTS AND AUTHORITIES

2

## I. INTRODUCTION

3

Plaintiff Ei Corporation, Inc.'s ("Plaintiff") Complaint describes a company that rejected a deal after months of negotiations with defendant Gallant Capital Partners, LLC ("Gallant"), fired its longtime employee, defendant John Gillett ("Gillett"), and then clearly regretted both of those decisions when Gillett accepted employment with Plaintiff's longtime competitor, defendant Quality Built, LLC ("Quality Built"). This is a story of Plaintiff's remorse, but remorse alone does not lead to a sustainable cause of action. Although Plaintiff provides significant detail about the history of the potential deal between Gallant and Plaintiff, it fails to provide the relevant details in pleading its breach of contract, implied covenant of good faith and fair dealing, misappropriation of trade secrets, and tortious interference claims.

As an initial matter, Plaintiff attempts to conflate Quality Built and Gallant, likely in order to hold Quality Built to the terms of a contract to which only Gallant is a party. The case law is clear that a motion to dismiss shall be granted when a party does not specify the individual actions taken by individual defendants that entitle a plaintiff to relief. Plaintiff's failure to attribute actions to either Quality Built or Gallant is grounds alone for granting this motion to dismiss.

Plaintiff's breach of contract cause of action must be dismissed as to both Quality Built and Gallant because (1) Quality Built is not a party to the contract and (2) Plaintiff does not allege that either Quality Built or Gallant breached the agreement. Plaintiff does not allege that Quality Built is a party to the NDA. Plaintiff also fails to allege how Gallant or Quality Built violated the NDA by hiring Gillett, who was only hired after he was terminated by Plaintiff. The NDA only prohibited Gallant from soliciting and hiring one of Plaintiff's employees while they were still employed by Plaintiff. For these reasons, Plaintiff's breach of good faith and fair dealing claim fails as well.

STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4828-8431-7126v6/105544-0004

1    As for Plaintiff's misappropriation of trade secrets claim, Plaintiff fails on a

2    very basic level to allege even one trade secret at issue.  Courts dismiss trade

3    secrets claims where plaintiffs provide significantly more detail than what Plaintiff

4    pleads in the Complaint.  Even if Plaintiff had alleged actual trade secrets, which it

5    does not, Plaintiff's claim also fails because it does not allege a misappropriation

6    of any trade secrets.

7    Plaintiff then brings identical causes of action for tortious interference with

8    contractual relations and tortious interference with prospective economic relations.

9    Plaintiff claims that Gallant and Quality Built interfered with a letter of intent

10    Plaintiff signed with another company, and with a letter of intent between Plaintiff

11    and Gallant.  Gallant cannot interfere with a contract to which it is a party.  The

12    Complaint does not allege that Gallant or Quality Built intended to interfere with

13    either contract.  Moreover, the allegations are wildly conclusory, simply listing the

14    elements of a claim for tortious interference.  Finally, because the prospective

15    economic advantage claim is improperly supported by claims related to a breach of

16    contract, it must be dismissed.

17    Finally, injunctive relief is a remedy, not an independent cause of action.

18    Because each of the causes of action against Quality Built and Gallant fail, the

19    claim for injunctive relief must fail.

20    For these reasons, and the reasons described herein, defendants Quality Built

21    and Gallant each respectfully request that the Court dismiss the entire Complaint as

22    to them, and specifically, the first cause of action for breach of contract, second

23    cause of action for breach of the implied covenant of good faith and fair dealing,

24    the fifth cause of action for misappropriation of trade secrets under the Defend

25    Trade Secrets Act, the sixth cause of action for misappropriation of trade secrets

26    under the Nevada Trade Secrets Act, the ninth cause of action for tortious

27    interference with contractual relations, the tenth cause of action for tortious

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

interference with prospective economic advantage, and the eleventh cause of action for injunctive relief.

## II.     FACTUAL BACKGROUND

In 2019, Plaintiff began exploring a potential acquisition or recapitalization. (Compl. at ¶ 17.) On October 18, 2019, Plaintiff and Gallant entered into a Confidentiality and Nondisclosure Agreement (the "NDA"), for the purpose of exchanging documents and information in connection with a potential transaction. (Compl. at Ex. 2.) The NDA stated in relevant part that:

> Until the earlier of (a) the date a Potential Transaction is consummated between the parties, or (b) eighteen (18) months following the Effective Date of this Agreement, Recipient shall not solicit for employment or employ any employee of the Company without the prior written consent of the Company. Nothing contained herein shall be construed to restrict Recipient from any general forms of solicitation for employees (including through the use of employment agencies) not specifically directed toward employees of the Company and provided further that Recipient shall not be restricted from hiring any such person who responds to any such general solicitation or who contacts Recipient on his or her own initiative.

(Compl. at ¶ 19.) Defendant Quality Built is not and was never a party to the NDA. (Compl. at ¶ 18.)

During spring 2020, Plaintiff began sharing documents with Gallant pursuant to the NDA. (Compl. at ¶ 29.) On April 15, 2020, following months of negotiations and the signing of two letters of intent, Gallant allegedly submitted a revised proposal that reduced the purchase price. (Compl. at ¶¶ 28, 30.) Plaintiff rejected the proposal and terminated negotiations. (Compl. at ¶ 30.) Shortly thereafter, Plaintiff terminated the employment of defendant John Gillett for cause. (Compl. at ¶ 34.) Gillett was later hired by Quality Built. (Compl. at ¶ 35.)

Plaintiff contends that Quality Built is using information Plaintiff gave to Gallant during due diligence to replicate Plaintiff's business plan. This contention is based on the fact that Quality Built posted online job listings in similar areas of business. (Compl. at ¶ 40.) Plaintiff also identifies a press release that, Plaintiff

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-
MEMORANDUM OF POINTS AND AUTHORITIES
4828-8431-7126v6/105544-0004

alleges, indicates Quality Built is expanding into two new areas of business: engineering and energy/sustainability.  (Compl. at ¶ 38.)  Apart from providing a laundry list of documents and information Plaintiff alleges is in Defendants' possession due to being provided in diligence, Plaintiff does not allege what specific "confidential, proprietary, and trade secret information" Defendants purportedly misappropriated.  (Compl. at ¶¶ 46, 47.)

## III.    ARGUMENT

### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed unless it includes sufficient facts "to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plaintiffs must allege facts that raise more than the "sheer possibility that a defendant has acted unlawfully."  *Id*. Likewise, a complaint that contains "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will also not suffice. *Id*.

In reviewing a complaint on a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id*.  This is intended to prevent the unfair scenario in which an "opposing party [is] subjected to the expense of discovery" by a plaintiff who is "armed with nothing more than conclusions."  *Starr v. Baca*, 652 F.3d 1202, 1216–19 (9th Cir. 2011); *Iqbal*, 556 U.S. at 678–79.  Indeed, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Twombly*, 550 U.S. at 555 (internal quotations omitted).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

**B.**  **Plaintiff Lumps Quality Built and Gallant Together Such That They Are Unable To Distinguish Who Allegedly Committed What Act**

Throughout the Complaint, Plaintiff uses "Gallant/Quality Built" to describe conduct.  This improperly conflates the two defendants who are separate entities.

A plaintiff must plead a defendant's alleged conduct — or misconduct — with reasonable specificity.  It is a basic pleading defect for a complaint to "lump" parties together and fail to distinguish between named defendants.  *Ansara v. Maldonado*, No. 2:19-cv-01394-GMN-VCF, 2020 U.S. Dist. LEXIS 81061, at *17 (D. Nev. May 7, 2020) (plaintiff's broad allegations of statutory violations against several parties "fail to distinguish between defendants, and thus do not provide fair notice of the claims against them"; citing *Twombly*, 550 U.S. at 555); *Vendavo, Inc. v. Price f(x) AG*, No. 17-cv-06930-RS, 2018 U.S. Dist. LEXIS 48637, at *9 (N.D. Cal. Mar. 23, 2018) (dismissing trade secret complaint for "lack of specificity" in pleading theft by related companies); *see also United States ex rel. Swoben v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) (distinguishing between "collective allegations" and "failure to allege particular details" for specific defendants in complaint); *United States v. Corinthian Colleges*, 655 F.3d 984, 997 (9th Cir. 2011) (in fraud-based action, Rule 9 "does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant").

Plaintiff regularly refers to Quality Built and Gallant collectively when describing specific acts in the Complaint.  For example, in its breach of contract cause of action, Plaintiff alleges, "On information and belief, Gallant/Quality Built have violated and continue to violate their obligations under the contractual promises made to Ei under the NDA by, among other things, soliciting for employment and employing Gillett without the prior written consent of the Company prior to the expiration of eighteen months following the Effective Date

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

of that agreement and/or improperly utilizing Ei's confidential, proprietary, and trade secret information and materials for their own benefit." (Compl. at ¶ 52; *see also* Compl. at ¶ 61 ("As a direct and proximate result of Gallant/Quality Built's breaches, Ei has sustained and continues to sustain irreparable injury, the damages from which cannot now be calculated."); Compl. at ¶ 115 ("Gallant/Quality Built's solicitation of Gillett during same); Compl. at ¶ 122 ("Gallant/Quality Built's solicitation of Gillett during same).) Neither Quality Built nor Gallant has fair notice of the claims against them because Plaintiff lumps them together throughout the Complaint. As made clear by the cases above, this alone supports Defendants' request for the Court to dismiss Plaintiff's Complaint.

### C.    Plaintiff's Breach of Contract Cause of Action Fails

In order to succeed on a breach of contract claim under Delaware law,[1] the plaintiff must demonstrate: (1) the existence of the contract, whether express or implied; (2) the breach of an obligation imposed by that contract; and (3) the resultant damage to the plaintiff. *VLIW Tech., L.L.C. v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003). Plaintiff's breach of contract claim fails as to Quality Built because Quality Built is not a party to the contract, and because it does not allege a breach of the contract by Quality Built. Plaintiff's breach of contract claim fails as to Gallant because Plaintiff does not allege a breach of the only contract at issue, the NDA, by Gallant.

### 1.    Quality Built Is Not A Party To The Contract And Plaintiff Does Not Allege A Breach By Quality Built

As a threshold matter, Plaintiff cannot succeed on its breach of contract claim against Quality Built because *Plaintiff does not have a contract with Quality Built*. Under Delaware contract law, "only a party to a contract may be sued for breach of that contract." *Wallace v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999).

---

[1] Delaware law applies because the NDA explicitly provides: "This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware." (Compl. at Ex. 2.)

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

-6-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

1  Plaintiff crucially fails to address the fact that there were no contractual promises

2  made to Plaintiff by Quality Built under any agreement.  Quality Built is not a

3  party to the NDA.  The NDA is between Gallant and Plaintiff only.  Plaintiff

4  admits this in its own Complaint and Motion for Temporary Restraining Order.

5  (Compl. at ¶ 18; Cobb Decl. at ¶ 5 ("On October 18, 2019, Gallant executed a

6  Confidentiality and Nondisclosure Agreement (the "NDA") with Capstone (on Ei's

7  behalf).").)  The language of the NDA does not purport to cover Quality Built.[2]  It

8  is axiomatic that Quality Built cannot breach an agreement to which it is not a

9  party.  *O'Leary v. Telecom Res. Serv., LLC*, No. 10C-03-108-JOH, 2011 Del.

10  Super. LEXIS 36, *20–24 (Super. Ct. Jan. 14, 2011) (dismissing breach of contract

11  claim because defendant was not a party to the contract); *Solow v. Aspect Res.,*

12  *LLC*, No. 20397, 2004 Del. Ch. LEXIS 151, *16–17 (Del. Ch. Oct. 19, 2004)

13  (same).

14      Even if Quality Built were a party, Plaintiff does not allege a breach.

15  Section 7 of the NDA states that, within 18 months of the effective date of the

16  agreement, Quality Built "shall not solicit for employment or employ any

17  employee of the Company."  (Compl. at Ex. 2.)  The Complaint admits that

18  Plaintiff terminated Gillett on April 30, 2020.  (Compl. at ¶ 34.)  Quality Built

19  announced its hiring of Gillett on May 29, 2020.  (Compl. at ¶ 35.)  Per the plain

20  language of the Complaint, Quality Built neither solicited nor employed an

21  employee of Plaintiff.

22          **2.      Plaintiff Does Not Allege a Breach by Gallant**

23      Plaintiff similarly does not allege any breach by Gallant of the NDA.

24  Plaintiff's allegations of breach include:

25

26  _____

[2] Quality Built is not mentioned anywhere in the NDA.  Not only is Quality Built not specifically

27  a signatory to the NDA, but the NDA only refers to the defined "Recipient" which is Gallant.
The definition of Recipient does not include any parent, subsidiary, affiliate or other related

28  entities, but is solely defined as Gallant.  In fact, the only reference to any company other than
Gallant is with regards to with whom Gallant may share confidential information shared under
sections 2 and 3, not the relevant section 7.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

On information and belief, Gallant/Quality Built have violated and continue to violate their obligations under the contractual promises made to Ei under the NDA by, among other things, soliciting for employment and employing Gillett without the prior written consent of the Company prior to the expiration of eighteen months following the Effective Date of that agreement and/or improperly utilizing Ei's confidential, proprietary, and trade secret information and materials for their own benefit.

(Compl. at ¶ 52.)

Gallant does not employ Gillett; Quality Built does. The Complaint makes clear that Quality Built announced its hiring of Gillett on May 29, 2020. (Compl. at ¶ 35.) By the very allegations of the Complaint, Gallant neither solicited nor employed a Plaintiff employee. Moreover, there is no allegation that Gallant is "improperly utilizing Ei's confidential, proprietary, and trade secret information and materials for their own benefit." (Compl. at ¶ 52.) The only facts in the Complaint that support the allegation that Defendants are "stealing" Plaintiff's business are that Quality Built issued a press release about its new business and is hiring employees for positions that sound, to Plaintiff, like positions at Plaintiff. (Compl. at ¶¶ 39-42.) Neither of these actions is attributed to Gallant.

For these reasons, the breach of contract cause of action fails as to both Quality Built and Gallant.

### D.    Plaintiff's Breach of Implied Covenant Of Good Faith And Fair Dealing Cause Of Action Fails

Plaintiff's breach of implied covenant of good faith and fair dealing claim fails because it is duplicative of its breach of contract claim, and thus, fails for the same reasons.

Generally, "to plead successfully a breach of an implied covenant of good faith and fair dealing, the plaintiff must allege a specific implied contractual obligation, a breach of that obligation by the defendant, and resulting damage to the plaintiff." *Black Horse Capital, LP v. Xstelos Holdings, Inc.*, No. 8642-VCP, 2014 Del. Ch. LEXIS 188, at *102 (Del. Ch. Sept. 30, 2014) (citing *Blaustein v.*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

1  *Lord Baltimore Capital Corp.*, No. 6685-VCN, 2012 Del. Ch. LEXIS 126, at *15

2  (Del. Ch. May 31, 2012)).

3       The Complaint fails to allege a "specific implied contractual obligation" in

4  the NDA that was breached.  The Complaint does allege that Gallant and Quality

5  Built owed "a duty of good faith to the Company under the NDA."  (Compl. at ¶

6  58.)  But nowhere does the Complaint allege what was done in bad faith.  If

7  Plaintiff is referring to the contractual obligations it alleges were breached, then the

8  Complaint fails to state a claim for a breach of the implied covenant of good faith

9  and fair dealing for the same reasons the breach of contract claim fails and it

10  should be dismissed.  Moreover, because Quality Built is not a party to the NDA, a

11  claim for breach of the implied covenant as to Quality Built fails for this additional

12  reason.

13       **E.    Plaintiff's Misappropriation of Trade Secrets Claims Fail**

14       Plaintiff's misappropriation of trade secrets claim fails under both the DTSA

15  and NUTSA because Plaintiff fails to plead either the existence of a trade secret or

16  that Defendants misappropriated said trade secrets.

17       The elements of a misappropriation of trade secrets claim under Nevada law

18  are:

19       (1) a valuable trade secret; (2) misappropriation of the trade secret
     through use, disclosure, or nondisclosure of use of the trade secret;
20       and (3) the requirement that the misappropriation be wrongful because
     it was made in breach of an express or implied contract or by a party
21       with a duty not to disclose.

22  *Frantz v. Johnson*, 999 P.2d 351, 358 (Nev. 2000) (internal footnotes omitted).

23       The elements under the DTSA are similar: a plaintiff must allege that (1) it

24  is the owner of a trade secret; (2) the defendant misappropriated the trade secret;

25  and (3) it was damaged by the defendant's actions.  *Alta Devices, Inc. v. LG Elecs.,*

26  *Inc.*, 343 F. Supp. 3d 868, 877 (N.D. Cal. 2018) (citing *Space Data Corp. v. X*, No.

27  16-cv-03260-BLF, 2017 U.S. Dist. LEXIS 22571, at *3 (N.D. Cal. Feb. 16, 2017)).

28  The *Alta Devices* court noted that a plaintiff must "describe the subject matter of

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." *Alta Devices, Inc.*, 343 F. Supp. 3d at 880–81 (citing *Vendavo, Inc. v. Price f(x) AG*, No. 17-cv-06930-RS, 2018 U.S. Dist. LEXIS 48637, at *9–10 (N.D. Cal. Mar. 23, 2018)).

### 1.    Plaintiff Does Not Allege a Trade Secret

"[A]llegations that set out 'purported trade secrets in broad, categorical terms' that are merely 'descriptive of the types of information that generally *may* qualify as protectable trade secrets' are insufficient to state a claim." *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19:cv-05611-PJH, 2020 U.S. Dist. LEXIS 16368, at *19–20 (N.D. Cal. Jan. 31, 2020).

Plaintiff does not plead <u>any</u> trade secret.  Plaintiff pleads possession of confidential information, but that is not enough.  Plaintiff lists all documents that were given to Gallant during diligence.  (Compl. at ¶ 47.)  This laundry list of alleged "trade secrets" in the possession of Gallant and/or Quality Built includes emails, budgets, contacts, financial statements, balance sheets, business plans, customer presentations, invoices, customer agreements, and "[d]ocuments related to Ei's efforts to develop software and technology."  (Compl. at ¶ 47.)  Documents provided in diligence are not automatically confidential and confidential documents are not automatically trade secrets.  A trade secret is more than merely confidential information and a balance sheet or customer agreement, for example, is not a trade secret.

*Vendavo, Inc. v. Price f(x) AG* is instructive here.  In *Vendavo*, the plaintiff merely elaborated that its alleged trade secrets included "source code, customer lists and customer related information, pricing information, vendor lists and related information, marketing plans and strategic business development initiatives, 'negative knowhow' learned through the course of research and development, and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

1  other information related to the development of its price-optimization software."

2  2018 U.S. Dist. LEXIS 48637, at *6.  The court found this allegation was

3  insufficient because, rather than alleging any specific trade secrets, the plaintiff

4  merely "set out its purported trade secrets in broad, categorical terms, more

5  descriptive of the types of information that *may* qualify as protectable trade secrets

6  than as any kind of listing of particular trade secrets [the plaintiff] has a basis to

7  believe actually were misappropriated here."  *Id*. at *9.  Because the complaint

8  only set forth "conclusory and generalized allegations[,]" the court found the

9  allegations insufficient to state a claim for trade secret misappropriation.  *Id.* at

10  *10.

11       Similarly here, Plaintiff's list of what is apparently in Quality Built and/or

12  Gallant's possession does not include an explanation of why any of these items

13  qualify as trade secrets.  It claims that the trade secrets include emails, but does not

14  provide a single detail about what kind of emails or how those emails can be trade

15  secrets.  It includes budgets and presentations, but fails to allege how those items

16  can be trade secrets.  There is nothing descriptive at all about Plaintiff's cited trade

17  secrets.  They are precisely the broad, categorical terms that the court in *Vendavo*

18  found insufficient to state a claim.  In fact, courts have dismissed trade secrets

19  claims where a plaintiff provided significantly more detail than what Plaintiff

20  provided here.  *See Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-cv-

21  00933-MMC, 2018 U.S. Dist. LEXIS 85121, at *7 (N.D. Cal. May 21, 2018)

22  (allegations of "design review templates," "fluidics design files," or "source code

23  files" lacked particularity, especially when "preceded by the phrases 'such files

24  included' and 'such as'"); *Profil Institut fur Stoffwechselforschung GmbH v.*

25  *ProSciento, Inc.*, No. 16cv1549-LAB (BLM), 2017 U.S. Dist. LEXIS 49738, at

26  *15 (S.D. Cal. Mar. 31, 2017) (concluding allegations of "methods and procedures

27  for preparing clinical development plans to perform clinical studies," "methods and

28  procedures in the design, performance, and data analysis of clinical studies,"

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-

MEMORANDUM OF POINTS AND AUTHORITIES

1  "methods and procedures for data management and analysis," and "database
2  design, computer software, and procedures for implementing a database to manage
3  and recruit volunteers for various clinical studies," lacked sufficient particularity);
4  *Space Data*, No. 16-cv-03260-BLF, 2017 U.S. Dist. LEXIS 22571, at *4 (N.D.
5  Cal. Feb. 16, 2017) ("[A] high-level overview of Space Data's purported trade
6  secrets, such as 'data on the environment in the stratosphere' and 'data on the
7  propagation of radio signals from stratospheric balloon-based transceivers' . . .
8  do[es] not satisfy the Rule 8 pleading requirements.").

9       Because Plaintiff does not properly allege a trade secret, this claim fails.  *See*
10 *Power Integrations, Inc. v. De Lara*, No. 20-cv-410-MMA (MSB), 2020 U.S. Dist.
11 LEXIS 52724, *49–51 (S.D. Cal. Mar. 26, 2020) (dismissing misappropriation of
12 trade secrets claim because plaintiff does not allege a specific trade secret at issue).

13      **2.**     **Plaintiff Does Not Allege Misappropriation**

14      The DTSA defines "misappropriation" as "(a) 'acquisition of a trade secret'
15 by a person who knows or should know the secret was improperly acquired or (b)
16 'disclosure or use of a trade secret of another without express or implied consent.'"
17 *Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*, No. 15-cv-02177-SI,
18 2017 U.S. Dist. LEXIS 62109, at *9 (N.D. Cal. Apr. 24, 2017) (quoting 18 U.S.C.
19 §§ 1839(5)(A), (B)).

20      The only allegation offered to show misappropriation is that Quality Built
21 issued public job postings and a press release regarding Gillett's employment.
22 (Compl. at ¶¶ 35, 40.)  There is <u>no</u> allegation linking these job postings with
23 Plaintiff's vague and overly broad claim that Defendants are using confidential,
24 proprietary, and trade secret information and materials.  These allegations are
25 inadequate to support the inference that Gallant or Quality Built improperly used
26 information within the meaning of the DTSA.  *See Space Data*, 2017 U.S. Dist.
27 LEXIS 22571, at *2 (failing to support an inference of improper use with
28 conclusory allegations that "Defendants have engaged in other business activity

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

1   based on [Plaintiff's] confidential trade secret information, which conflict with

2   their legal obligations to [Plaintiff].”); *Brown v. Adidas, Int.*, 938 F. Supp. 628, 634

3   (S.D. Cal. 1996) (dismissing misappropriation of trade secrets claim because

4   plaintiff did not sufficiently allege that defendant misappropriated his designs).

5       Because Plaintiff also does not adequately allege misappropriation, the trade

6   secret claims fail.

7   **F.    Plaintiff's Tortious Interference With Contractual Relations**

8   **        Claim Fails**

9       Plaintiff alleges tortious interference as to two contracts: a letter of intent

10  between Plaintiff and another company for a potential deal, and the letter of intent

11  between Plaintiff and Gallant.  The claim fails as to both of these contracts.

12      The elements of a tortious interference with contractual relations claim are

13  (1) a valid contract between plaintiff and a third party, (2) defendant's knowledge

14  of this contract, (3) defendant's intentional acts designed to induce a breach or

15  disruption of the contractual relationship, (4) actual breach or disruption of the

16  contractual relationship, and (5) resulting damage.  *See Reeves v. Hanlon*, 33 Cal.

17  4th 1140, 1148 (2004).

18      The first deficiency in Plaintiff's cause of action is that the letters of intent

19  are not valid contracts.  “An agreement to make an agreement, without more, is not

20  a binding contract.”  *Rennick v. O.P.T.I.O.N. Care, Inc.*, 77 F.3d 309, 315 (9th Cir.

21  1996) (citing *Autry v. Republic Productions*, 30 Cal. 2d 144 (1947)); *see also*

22  *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 213-14 (2006).  A letter of intent

23  like the one cited here is simply an agreement to agree.  *See Beck v. American*

24  *Health Group Int'l, Inc.*, 211 Cal. App. 3d 1555, 1562 (1989) (unenforceable letter

25  of intent where letter was merely an "outline of our future agreement").

26      Secondly, Plaintiff only alleges in a conclusory fashion that Gallant and/or

27  Quality Built were aware of the letter of intent between Plaintiff and another

28  company.  (Compl. at ¶ 121.)  There is nothing more in the Complaint to show that

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

1   Gallant and/or Quality Built were ever aware of that letter of intent or any of its

2   provisions.  This is not enough to support a tortious interference claim.

3       Moreover, Plaintiff does not allege any action by Quality Built or Gallant

4   designed to induce a breach or disruption of the contractual relationship with

5   respect to the letter of intent between Plaintiff and another company.  The only

6   action Plaintiff alleges is "Gallant/Quality Built's solicitation of Gillett."  (Compl.

7   at ¶ 115.)  However, Plaintiff does not plead how that alleged act interfered with

8   the letter of intent.  Plaintiff does not allege a breach at all of the letter of intent

9   between Plaintiff and another company, and in fact provides no detail regarding the

10  terms of the letter of intent such that Gallant and Quality Built are on notice of how

11  their actions supposedly led to a breach.  Plaintiff also does not plead any intent by

12  Quality Built or Gallant to induce a breach of contract.  Therefore, Plaintiff has not

13  pled a tortious interference claim against Quality Built or Gallant as to the letter of

14  intent between Plaintiff and another company.

15      As for the Gallant letter of intent, there is no allegation that either Quality

16  Built or Gallant interfered with that purported contract.  (*See* Compl. at ¶ 116.)

17  Further, under California law, tortious interference with contract may only be

18  maintained against "stranger[s] to a contract" or "noncontracting parties."  *See*

19  *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 513 (1994).  This

20  well-settled limitation is "consistent with [the] underlying policy of protecting the

21  expectations of contracting parties against frustration *by outsiders* who have no

22  legitimate social or economic interest in the contractual relationship[.]"  *Id*. at 514

23  (emphasis in original).  As such, the tort simply "does not lie against a party to the

24  contract."  *Id.*  Therefore, this claim cannot stand as to Gallant.

25      As for Quality Built, Plaintiff does not allege that Quality Built had

26  knowledge of the Gallant letter of intent.  Plaintiff does not allege that Quality

27  Built acted in a way that was designed to induce a breach or disruption of that

28  purported contractual relationship.  Plaintiff also does not allege a breach of the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

1   Gallant letter of intent.  Indeed, if there was a breach of the Gallant letter of intent,

2   Plaintiff was required to assert it in the Complaint, but it does not do so; Plaintiff

3   impliedly acknowledges that there was no breach of the Gallant letter of intent.

4   Finally, Plaintiff does not claim how "Gallant/Quality Built's solicitation of

5   Gillett" is an action designed to induce any breach of contract because it does not

6   allege what provision of the contracts such action allegedly violates.

7       For these reasons, this cause of action fails as to Quality Built and Gallant

8   and must be dismissed.[3]

9   ## G.    Plaintiff's Intentional Interference With Prospective Economic

10  ##       Advantage Claim Fails

11      Plaintiff improperly repurposes its tortious interference with contractual

12  relations claim as a prospective economic advantage claim to get two bites at the

13  apple, and fails to plead an intentional act designed to disrupt the relationship that

14  is independent of any contractual wrong.

15      To plead a claim for intentional interference with prospective economic

16  advantage in California, a plaintiff must allege (1) an economic relationship

17  between the plaintiff and some third party, with the probability of future economic

18  benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the

19  defendant's intentional acts designed to disrupt the relationship; (4) actual

20  disruption of the relationship; and (5) economic harm to the plaintiff proximately

21  caused by the defendant's acts.  *Reeves v. Hanlon,* 33 Cal. 4th 1140, 1152 fn. 6

22  (2004) (citing *Youst v. Longo*, 43 Cal.3d 64, 71 fn. 6, (1987)).  Notably, "'a

23  [complainant] must plead that the defendant engaged in an independently wrongful

---

[3] Should Plaintiff allege that Nevada law applies, the outcome is the same.  *See J.J. Indus., LLC v. Bennett*, 71 P.3d 1264, 1267 (Nev. 2003) (outlining elements of a tortious interference with contractual relations claim under Nevada law which are identical to the elements under California law and noting that the plaintiff must demonstrate that the defendant intended to induce the other party to breach the contract with the plaintiff); *Tate v. Univ. Med. Ctr. of S. Nev.*, No. 2:09-cv-1748-LDG (RJJ), 2010 U.S. Dist. LEXIS 101790, at *23 (D. Nev. Sep. 23, 2010) (a party to a contract cannot interfere with the contract); *Treasury Sols. Holdings, Inc. v. Upromise, Inc.*, No. 3:10-CV-00031-ECR-RAM, 2010 U.S. Dist. LEXIS 144258, at *14 (D. Nev. Dec. 22, 2010) (dismissing intentional interference with contractual relations claim because plaintiff failed to allege with specificity that there was a breach of the contract).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

act' outside of merely interfering with a contract." *Nestle USA, Inc. v. Crest Foods, Inc.*, No. LA CV16-07519 JAK (AFMx), 2017 U.S. Dist. LEXIS 136557, at *41 (C.D. Cal. July 28, 2017) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1157–58 (2003)).

The alleged wrongdoing is identical to the tortious interference with contractual relations claim and arises out of those alleged contractual breaches. (Compl. at ¶¶ 122, 123.)  Thus, this claim fails for the exact same reason as the tortious interference with contract claim.  Those reasons include that a letter of intent is not an enforceable contract, the intent is not plead, and Gallant cannot interfere with its own contract.[4]  (*See supra* section (III)(G).)

Plaintiff also includes an allegation that "Gallant/Quality Built's solicitation of Gillett" interfered with these prospective economic relations.  Again, this is improper.  Plaintiff pleads no facts to show that Gillett was solicited by anyone at Quality Built.  (Compl. at ¶¶34, 35.)

Finally, Plaintiff alleges that Defendants interfered with Plaintiff's potential economic benefit of a transaction with Gallant.  It was Plaintiff's own decision to turn down Gallant's offer.  (Compl. at ¶ 30.)  Plaintiff was therefore the party that disrupted the relationship, not Gallant or Quality Built.  Plaintiff cannot now recover for its own decision to terminate a potential economic benefit to itself.

Therefore, this cause of action fails as to both Quality Built and Gallant, and should be dismissed.[5]

---

[4] To the extent Plaintiff argues that there is some other breach alleged, "a breach of contract claim cannot be transmuted into tort liability by claiming that the breach interfered with the promisee's business." *JRS Prods., Inc. v. Matsushita Elec. Corp. of Am.*, 115 Cal. App. 4th 168, 182 (2004); see also Azco Biotech, Inc. v. Qiagen, No. 12-CV-2599 BEN (DHB), 2013 U.S. Dist. LEXIS 119118, at *36 (S.D. Cal. Aug. 19, 2013) (dismissing tortious interference claim because the essential nature of the conduct sounded in contract).

[5] Should Plaintiff argue that Nevada law applies, the outcome is the same.  *See Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1311 (Nev. 1998) (outlining the elements of a tortious interference with prospective economic relations claim which are identical to the element under California law and also noting that plaintiffs may not base their prospective business advantage claim on an existing contract).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-16-

MEMORANDUM OF POINTS AND AUTHORITIES

4828-8431-7126v6/105544-0004

**H.    Because All Claims Fail As To Quality Built And Gallant, The Claim For Injunctive Relief Fails**

"Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted." *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942).  In *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1182 (E.D. Cal. 2010), the court found that because there were no viable claims, plaintiff was not entitled to a remedy of injunctive relief. Because all claims against Defendant fail, the claim for injunctive relief fails.[6]

## IV.    CONCLUSION

For these reasons, defendants Quality Built and Gallant each respectfully request that the Court dismiss the Complaint and each of the causes of action therein, including the first cause of action for breach of contract, second cause of action for breach of the implied covenant of good faith and fair dealing, the fifth cause of action for misappropriation of trade secrets under the Defend Trade Secrets Act, the sixth cause of action for misappropriation of trade secrets under the Nevada Trade Secrets Act, the ninth cause of action for tortious interference with contractual relations, the tenth cause of action for tortious interference with prospective economic advantage, and the eleventh cause of action for injunctive relief.

DATED:  August 11, 2020

STRADLING YOCCA CARLSON & RAUTH, P.C.

By:  s/ Katie Beaudin
Karla Kraft,
Katie Beaudin,

Attorneys for Defendants
Quality Built, LLC, and
Gallant Capital Partners, LLC

---

[6] Should Defendant argue that Nevada law applies, the result would be the same. *Turbay v. Bank of Am., N.A.*, No. 2:12-CV-1367 JCM (PAL), 2013 U.S. Dist. LEXIS 36969, at *14 (D. Nev. Mar. 18, 2013) (holding that "[t]here is no cause of action for declaratory or injunctive relief— these are remedies, not claims for relief" and dismissing injunctive relief claim where other claims were dismissed).